# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2021

Lyle W. Cayce
Clerk

No. 20-60501
Summary Calendar

Antoine Celestin,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 803 755

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Antoine Celestin, a native and citizen of Haiti, petitions for review of an order by the Board of Immigration Appeals dismissing his appeal from the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We DENY the petition.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60501

We review a Board of Immigration Appeals ("BIA") decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Under the substantial evidence standard, we may not overturn a factual finding unless the evidence compels a contrary result. *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019). We review the BIA's denial of a motion for remand for abuse of discretion. *Suate-Orellana v. Barr*, 979 F.3d 1056, 1062 (5th Cir. 2020).

Celestin argues that the BIA erred by affirming the immigration judge's determination without considering the evidence he presented with his brief to the BIA. The BIA noted that it did not consider new evidence presented for the first time on appeal. The BIA treated Celestin's submission of evidence as a motion to remand and then denied the motion because the evidence did not alter the outcome of the case. As Celestin admits in his brief, the evidence simply corroborates his testimony, which was found to be credible. This was not an abuse of the BIA's discretion. *See Suate-Orellana*, 979 F.3d at 1062.

Celestin also argues that the BIA erred in finding that he had not suffered past persecution because the Haitian government was unwilling to help him. Celestin testified, however, that he did not report his alleged abuse to the police out of fear for his safety from the perpetrators. We agree with another panel of this court that whether a petitioner has reported private violence to police is one factor that may be considered, as is the futility of reporting such violence. *See Arevalo-Velasquez v. Whitaker*, 752 F. App'x 200, 201 (5th Cir. 2021). In rejecting Celestin's assertions of past persecution and "additional harm in the future," the BIA specifically discussed the incidents he related about his life in Haiti as well as his two

return trips to there while he lived in Chile.  The BIA found that nothing in his testimony showed that any past harm was inflicted by or with the acquiescence of the government.  Though the record supports that he was mistreated, the incidents do not show that he was targeted as an individual and do not compel a finding of past persecution in light of his testimony that he was able to return to Haiti for his parents' funerals without incident.  *See Qorane v. Barr*, 919 F.3d 904, 909–10 (5th Cir. 2019).  The evidence does not cause us to disturb the findings of the BIA with regards to the asylum claim.  The harm described in this case does not qualify as past persecution.  *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

Similarly, the evidence does not compel the conclusion that there is an objectively reasonable, well-founded fear of future persecution.  *See Lopez-Gomez*, 263 F.3d at 445.  Not only did the BIA find that Celestin produced no "credible, direct or specific evidence" that the Haitian government was unwilling or unable to protect him from people who wanted to harm him for being a homosexual male, but the scant evidence in the record supporting Celestin's claim does not compel a conclusion that Celestin has a well-founded fear of future prosecution.  Thus, Celestin has not shown that the BIA erred in affirming the denial of his application for asylum.  Because the standard of proof is higher for withholding of removal than it is for asylum, the challenge to the denial of the application for withholding of removal fails as well.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

Celestin also challenges the BIA's finding that he had not shown that it was more likely than not that he would be tortured with the acquiescence of the government if removed to Haiti.  *See Efe v. Ashcroft,* 293 F.3d 899, 907 (5th Cir. 2002).  Celestin did not present any evidence for his Convention Against Torture claim that differed from his asylum or withholding of removal claim.  *See Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012).  He has

No. 20-60501

not shown that the BIA erred in affirming the denial of his application for protection under the Convention Against Torture.

PETITION DENIED.